# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No: |
| ) | |
| ERIC CONLEY ) | |

## PLEA AGREEMENT

The Government and Defendant Eric Conley (the "Defendant") hereby acknowledge the following plea agreement in this case:

## PLEA

The Defendant agrees to plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorneys, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

**I.   MAXIMUM PUNISHMENT**

The Defendant understands that the maximum statutory punishment that may be imposed for the crime of intentionally accessing a protected computer without authorization, or exceeding authorized access, for the purposes of private financial gain, and thereby obtaining from a protected computer information with a

Defendant's Initials _EC_

value of more than $5,000, in violation of Title 18, United States Code, Section 1030(a)(2) and (c)(2)(B)(i) and (iii), as charged in COUNT ONE, is:

A. Imprisonment for not more than 5 years,

B. A fine of not more than $250,000, or

C. Both A and B;

D. Supervised release of not more than three years; and

E. A Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts beyond a reasonable doubt at the trial of this case:

The Defendant, **ERIC CONLEY**, was employed by AT&T in Gardendale, Alabama as a retail sales consultant. The Defendant was aware that AT&T policy prohibited him from accessing a customer's account and viewing certain proprietary customer network information without the account holder present and verification of the account holder's identity.

At some point in 2011, the Defendant met a private investigator ("the PI") who wanted to buy AT&T customer information, including sensitive or private phone records, from the Defendant and offered to pay the Defendant for it. The Defendant accepted the PI's offer. The Defendant used AT&T computer facilities to access this customer information that he knew he was not authorized to access,

and provided that customer information to the PI even though the Defendant knew that he was not authorized to provide it to a third party. Between 2011 and 2013, the Defendant obtained hundreds of customer records, involving more than ten customers, in this manner, and provided those records to the PI. In exchange the PI paid the Defendant at least $8,950 by check, and made additional payments to the Defendant in cash.

The Defendant accessed private and personal AT&T customer information in excess of his authorization for his own private financial gain. The AT&T customer information he accessed was valued at more than $5,000 as indicated by the fact that the PI paid the Defendant more than $5,000 to obtain it.

The computer facilities that the Defendant used to obtain the customer information he sold to the PI are computers and computer facilities that are used in or affect interstate commerce or communication.

**The Defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the Defendant's sentence. The Defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the Defendant and/or any co-conspirators may have committed.**

_____
ERIC CONLEY

Defendant's Initials _EC_

III. **RECOMMENDED SENTENCE**

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following:

    A.    That the Defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    B.    That the Court impose a sentence at the low end of the advisory Guidelines as they are calculated at the time of sentencing;

    C.    That, following any term of imprisonment, the Defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3;

    D.    That the Defendant be required to pay a fine in accordance with the Sentencing Guidelines, with that amount due and owing as of the date sentence is pronounced, and with any outstanding balance to be paid in full by the expiration of the term of supervised release;

    E.    That the Defendant pay a special assessment fee of $100, with that amount due and owing as of the date sentence is pronounced.

IV. **WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, **ERIC CONLEY, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my**

Defendant's Initials

conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The Defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

A. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

B. Any sentence imposed in excess of the Guideline sentencing range determined by the Court at the time sentence is imposed; and

C. Claims of ineffective assistance of counsel.

The Defendant acknowledges that, before giving up these rights, the Defendant discussed the Sentencing Guidelines and their application to the Defendant's case with the Defendant's attorney, who explained them to the Defendant's satisfaction. The Defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, ERIC CONLEY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

Defendant's Initials _____

_/s/ signature_
_____
ERIC CONLEY

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the Defendant that, in light of the United States Supreme Court's decision in *United States v. Booker*, the federal Sentencing Guidelines are advisory in nature. Sentencing is in the Court's discretion and is no longer required to be within the Guideline range. The Defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory Guideline range, and the Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON THE COURT

The Defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the Defendant and that any sentence recommended by the Government is NOT BINDING UPON THE COURT, and that the Court is not required to accept the Government's recommendation. Further, the Defendant understands that if the Court does not accept the Government's recommendation, the Defendant does not have the right to withdraw the guilty plea.

Defendant's Initials _EC_

## VII. VOIDING AN AGREEMENT

The Defendant understands that, should the Defendant move the Court to accept the Defendant's plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), or tender a plea of nolo contendere to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, that are contained herein.

## VIII. SUBSEQUENT CONDUCT

The Defendant understands that, should the Defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the Defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph **III** of this agreement, but instead may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The Defendant understands and agrees that this agreement DOES NOT BIND any other United States Attorney in any other district or any other state or local authority.

Defendant's Initials

X.  **COLLECTION OF FINANCIAL OBLIGATION**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.  The Defendant also will submit promptly a completed financial statement to the United States Attorney's Office in a form that it provides and as it directs.  The Defendant also agrees that the Defendant's financial statement and disclosures will be complete, accurate, and truthful.  Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

XI.  **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITITUTION**

As part of the Defendant's plea agreement, the Defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment under the advisory Sentencing Guidelines.  The Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.  This agreement is not meant, however, to prohibit the United

States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the Defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the Defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to Defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences would be the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

Defendant's Initials _____

## XIII. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of **12** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: *None*

I understand that this plea agreement will take effect and will be binding as to the Parties only after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this agreement, both individually and as a total binding agreement.

9/27/16
DATE

ERIC CONLEY
**Defendant**

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the on the terms and conditions set forth herein.

9/27/16
DATE

RICK BURGESS
**Defense Counsel**

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

|  |  |
|---|---|
|  | JOYCE WHITE VANCE<br>United States Attorney |
| 9/29/16<br>DATE | _(signature)_<br>ERICA WILLIAMSON BARNES<br>Assistant United States Attorney |
| 9/29/16<br>DATE | _(signature)_<br>JOHN BENJAMIN WARD<br>Assistant United States Attorney |